DOUCET, Judge.
Plaintiffs, Sunder R. Murjani and Geeta Murjani, appeal from a judgment rendered in their favor and against defendants, Stephen R. Thibeaux and State Farm Mutual Automobile Insurance Company. Defendants answered the appeal. We now reverse.
This action arises out of an automobile accident which occurred in Lafayette on December 24, 1981. The plaintiffs, husband and wife, together with their two-year-old daughter, were traveling northbound on Foreman Drive at approximately 7:00 p.m. It was dark and raining, and the road surface was wet. Foreman Drive is a two-lane residential thoroughfare, straight and level at the area where the accident occurred. The posted speed limit was 40 m.p.h. and this particular section of the road was a no-passing zone clearly marked with double yellow lines. Ditches ran along each side of the road. The ditch running alongside of the southbound lane was approximately eight or nine feet deep —“very deep.” The shoulder of the road on the southbound side was narrow, only one-and-a-half to two feet wide.
Mr. Murjani testified that he was traveling approximately 30 m.p.h. and was behind a “white sports car.” He noticed Mr. Thibeaux’s car approaching from the opposite direction, in the southbound lane. He estimated the speed of defendant’s vehicle to have been 40 to 45 m.p.h. Mr. Murjani stated that the sports car in front of him suddenly swerved into Mr. Thibeaux’s lane of travel. Mr. Murjani slowed his vehicle, pulled slightly to the right onto the narrow shoulder, and stopped. He did this in an attempt to avoid Mr. Thibeaux’s car which was skidding across both lanes toward him. The skidding vehicle struck the left front of Mr. Murjani’s automobile. Before the impact Mrs. Murjani grabbed her daughter in a protective gesture. Upon impact, she struck her head on the windshield, cracking the glass. She also struck her knee on the dashboard. Her daughter was not injured and it does not appear from the evidence that Mr. Murjani sustained any specific injuries. The white sports car was not involved in the collision itself and it sped away, never to be located.
Mr. Thibeaux was driving with his four-year-old son at the time of the accident. He testified that he was going 35 m.p.h. and had checked his speedometer shortly before the accident. He suddenly saw two headlights in front of him — approximately 80 to 100 feet away. He slammed on his brakes and cut sharply to the right. When he saw that he was headed for the ditch he cut back to his left onto the road. At that point, he went into a skid and collided with the Murjani vehicle. Neither he nor his son were injured and the damage to his automobile was to the front center — “the grillwork.”
John C. Trahan was the only eyewitness to the accident besides the occupants of the vehicles involved. He testified that he was traveling northbound on Foreman Drive that evening and was behind two vehicles. The vehicle in front of him pulled out to pass the vehicle in front of it which was the Murjani vehicle. Mr. Trahan did not recall the color or style of the passing vehicle. At the same time he noticed Mr. Thibeaux’s vehicle approaching from the opposite direction. He observed Mr. Thibeaux’s vehicle as it swerved to the shoulder to avoid the passing vehicle. Commenting on how close the other vehicle came to the Muijani vehicle as it passed, Mr. Trahan stated, “It looked like it appeared to me he basically squeaked by it in front of him. Quite close *1227 actually.” He estimated that Mr. Thibeaux was approximately 100 feet from the passing vehicle as it was more or less alongside of the Murjani vehicle. He also confirmed the obvious — that the passing vehicle was traveling faster than Mr. Murjani. He saw Mr. Thibeaux cut back onto the road and, as he described it, “was thrown across into Mr. Murjani.”
There is an obvious conflict between the testimony of Mr. Muijani and the testimony of Mr. Trahan as to the relative position of the Muijani vehicle and the other vehicle. Mr. Murjani stated that the white sports car was in front of him and merely swerved into Mr. Thibeaux’s lane of travel, while Mr. Trahan testified that the other vehicle was behind the Murjani vehicle and pulled out to pass it. What is important here is that the other vehicle clearly pulled into Mr. Thibeaux’s lane of travel.
Following the accident, Mrs. Murjani complained of neck, back, knee, and leg pain. Her husband also complained of pain. Mrs. Murjani subsequently developed psychological problems which expert testimony indicated were probably precipitated, at least in part, by the accident. Further medical evidence showed that she had an internal disruption of a lumbar disc which, considering the onset of her symptoms of pain, was probably related to the accident. Defendants pleaded the defense of sudden emergency which was rejected by the jury who returned a verdict finding his negligence to be the sole proximate cause of the accident. They awarded Mrs. Murjani damages in the amount of $49,-607.77 and Mr. Murjani damages in the amount of $8,500. Plaintiffs appealed seeking damages for loss of consortium, an increase in damages for pain and suffering, damages for disability, and damages for loss of earning capacity. Defendants answered citing as error the jury’s finding of negligence and rejection of the defense of sudden emergency.
We initially recognize that the question of the existence of a sudden emergency sufficient to exculpate Stephen Thibeaux from an act which would otherwise be negligent is a finding of fact. We may not disturb the finding by the jury that the sudden emergency doctrine did not apply to the facts of this case and that defendant was negligent unless, (1) the record evidence does not furnish a reasonable basis for the finding, or (2) the finding is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The defense of sudden emergency was discussed by this court in McCann v. State Farm Mutual Automobile Insurance Co., 483 So.2d 205 (La.App. 3rd Cir.1986), writ denied 486 So.2d 734 (La.1986):
“One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, as long as he has acted in a reasonably prudent manner once confronted, and, unless the emergency was brought about by his own negligence. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972); Copeland v. La. Dept. of Transp. & Develop., 428 So.2d 1251 (La.App. 3rd Cir.1983), writ denied, 435 So.2d 448 (La.1983); Bialy v. State, Etc., 414 So.2d 1273 (La.App. 3rd Cir.1982), writ denied, 417 So.2d 367 (La.1982); Fontana v. State Farm Mutual Automobile Ins. Co., 173 So.2d 284 (La.App. 3rd Cir.1965), writ denied, 247 La. 1027, 175 So. 2d 644 (1965).”
We find the evidence is uncontroverted that Stephen Thibeaux suddenly found himself in a position of imminent peril. He suddenly found himself confronted with an oncoming vehicle in his lane of travel, approximately 80 to 100 feet away. Mr. Thi-beaux testified he was going 35 m.p.h. Mr. Muijani estimated that Mr. Thibeaux was traveling 40 to 45 m.p.h. We find it difficult to wholly accept as accurate Mr. Mur-jani’s estimate. He was in the opposite lane moving towards Mr. Thibeaux. It was dark and what he primarily observed were headlights. For purposes of this opinion we will assume, however, that Mr. Thi- *1228 beaux was traveling at 40 m.p.h. Mr. Mur-jani was going, according to him, approximately 30 m.p.h. It can be conservatively estimated that the white sports car was traveling at a speed of 35 m.p.h. — 5 m.p.h. faster than Mr. Murjani.
When Mr. Thibeaux was confronted with the oncoming vehicle, did he act in a reasonable and prudent manner? The approaching vehicle was 100 feet away when Mr. Thibeaux saw it. With Mr. Thibeaux going 40 m.p.h. and the sports car going 35 m.p.h., the vehicles were approaching each other at the rate of 75 m.p.h. A mile equals 5,280 feet. At 75 m.p.h. the two vehicles were approaching each other at the rate of 1.25 miles per minute, 6,600 feet per minute, or 110 feet per second. Therefore, when Mr. Thibeaux saw the white sports car in his lane of travel 100 feet away, he had less than one second to avoid what appeared to be an imminent head-on collision. He applied his brakes, swerved to the right to avoid hitting the sports car, and then cut back onto the road to avoid going into an eight to nine foot ditch. We find that Mr. Thibeaux clearly acted in a reasonable and prudent manner to avoid the collision and subsequent peril presented by the ditch. The evidence does not furnish a reasonable basis to find otherwise.
Was the emergency brought about by any negligence on the part of Mr. Thi-beaux? La.R.S. 32:64 states in part:
“A. No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.”
For purposes of determining whether by driving 40 m.p.h. Mr. Thibeaux was negligent, the existence of La.R.S. 32:64 relates to whether or not Mr. Thibeaux owed a duty to others not to drive at that speed. A violation of the statute would relate of course to whether or not he violated the duty imposed by the statute. However, before we would even address the issue of duty we must first determine whether the alleged negligent conduct of the defendant was a cause-in-fact of plaintiff’s harm. See Forest v. State, Department of Transportation and Development, 493 So.2d 563 (La.1986); Dixie Drive It Yourself System, Inc. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Crowe, The Anatomy of a Tort, 22 Loy.L.Rev. 903 (1976); McNamara, The Duties and Risks of the Duty-Risk Analysis, 44 La.L.Rev. 1227 (1984).
It was raining on the night of the accident and the roads were wet. However, there is no evidence that traffic was heavy or that there were any vehicles in front of or behind Mr. Thibeaux. The road at that point was also straight and level. Assuming for the sake of argument, Mr. Thibeaux was traveling too fast for the weather and road conditions. Assume that he should have been traveling at no more than 30 m.p.h. Using the same method of computation previously employed, the two vehicles would have been approaching each other at 65 m.p.h., 1.08 miles per minute, 5,720 feet per minute, or, 95.33 feet per second. Therefore, had plaintiff been traveling at what arguendo was a proper speed considering the weather and road conditions, 30 m.p.h., he would have had several hundredths of a second more time to respond to the emergency than he did if he was traveling at 40 m.p.h. Clearly, Mr. Thibeaux’s conduct in traveling at 40 m.p.h., if indeed he was traveling this fast, was not a cause-in-fact of the sudden emergency he found himself faced with.
We find that the evidence as a whole does not furnish a reasonable basis for a finding by the jury that the sudden emergency doctrine did not apply and that Stephen Thibeaux was at fault in bringing about the accident. The finding by the jury that Stephen Thibeaux was at fault was clearly wrong.
For the reasons assigned we reverse the judgment of the trial court and recast it to read as follows:
*1229 IT IS ORDERED, ADJUDGED, AND DECREED that judgment be and hereby is rendered in favor of defendants, STEPHEN R. THIBEAUX, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and WAUSAU UNDERWRITERS INSURANCE COMPANY, and against plaintiffs, SUNDER R. MURJANI and GEETA MURJANI, dismissing their suit with prejudice.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all costs of court at both the trial and appellate levels be assessed against plaintiffs, SUNDER R. MURJANI and GEETA MURJA-NI.
REVERSED AND RENDERED.